# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LOLITA DUGLAS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| MAXWELL REALTY CO., INC. | : | NO. 17-4068 |
| LOLITA DUGLAS | : | CIVIL ACTION |
| v. | : | |
| LEVIN ALVIN AND SONS, INC. MS. DAWN | : | NO. 17-4089 |

## MEMORANDUM

PRATTER, J.                                     SEPTEMBER /7, 2017

Plaintiff Lolita Duglas is looking for a furnished apartment in South Philadelphia. She contacted Maxwell Realty Co. and Levin Alvin and Sons, Inc. about two apartments, but did not hear back from them. Accordingly, she filed two lawsuits with the Court in which she asks the Court to help her find an apartment; she seeks leave to proceed *in forma pauperis* in both lawsuits.

Ms. Duglas's motions to proceed *in forma pauperis* are granted because it appears that she is incapable of prepaying the fees required to commence a civil action.

However, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.*

Ms. Duglas is proceeding *pro se*, and for that reason the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). "[T]his Court's Article III mandate is limited to resolution of legal cases and controversies." *Bey v. Hillside Twp. Mun. Court*, No. CIV.A. 11-7343 RBK, 2012 WL 714575, at *7 (D.N.J. Mar. 5, 2012). Ms. Duglas does not appear to be bringing a legal dispute before the Court. Rather, it appears that she would like the Court to assist her in finding a living space. That is not something the Court is capable of doing.

To the extent Ms. Duglas is raising any legal claims based on the fact that she has not heard back from realtors from whom she would like to rent an apartment, she has no legal basis for a claim. The Court has already explained to Ms. Duglas that her allegations do not give rise to a lawsuit. *See Duglas v. Maxwell Realty Co., Inc.*, E.D. Pa. Civ. A. No. 17-2391. If Ms. Duglas continues to file similar lawsuits, she is on notice that the Court may prevent her from filing in the future.

The Court will dismiss Ms. Duglas's complaints with prejudice because amendment would be futile. Ms. Duglas shall not file any additional requests with this Court for an apartment. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER, J.